IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TALENA COLBERT,<br><br>    Plaintiff,<br><br>    -v-<br><br>NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING, and U.S. BANK AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSET BACKED CERTIFICATES, SERIES 2007-FFC,<br><br>    Defendants. | Civil Action No.:<br><br>Removed from the Philadelphia County Court of Common Pleas, Case ID No. 251202068 |

**DEFENDANT NEWREZ LLC D/B/A SHELLPOINT
MORTGAGE SERVICING'S NOTICE OF REMOVAL**

Defendant Newrez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint"), through counsel and pursuant to the provisions of 28 U.S.C. §§ 1331, 1332, 1367, 1441 and 1446, hereby provides notice of the removal to this Court of the case entitled *Talena Colbert v. Newrez LLC d/b/a Shellpoint Mortgage Servicing, et al.*, having Case ID No. 251202068, and currently pending in the Court of Common Pleas of Philadelphia County, in the Commonwealth of Pennsylvania (the "State Court Action"). As grounds for removal, Shellpoint states as follows:

**BACKGROUND**

1. The plaintiff, Talena Colbert ("Plaintiff"), initiated the State Court Action by filing a *Complaint* in the Court of Common Pleas of Philadelphia County, in the Commonwealth of Pennsylvania on December 15, 2025 ("Complaint").

2. Shellpoint was made aware of the Complaint on or about December 23, 2025, and the State Court Action's docket does not reflect service of Shellpoint to date.

3. Pursuant to 28 U.S.C. § 1446(a), copies of the case docket, Complaint, Summons, and all other filings are attached collectively as **Exhibit 1**.

4. This Notice of Removal is being filed within thirty (30) days after receipt by Shellpoint of a copy of the initial pleadings setting forth the claims for relief against it, by service of process or otherwise, and is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

5. Other than the aforementioned and attached, no other proceedings have occurred in the State Court Action, and no other pleadings or orders have been served.

6. This is not an action described in 28 U.S.C. § 1445.

7. Venue for removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place in which the State Court Action was pending.

## DIVERSITY JURISDICTION

### Diversity Of Citizenship Of The Parties

8. This is a civil action that falls within this Court's original jurisdiction under 28 U.S.C. § 1332, and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

9. In the Complaint, Plaintiff's address is identified as being in Philadelphia, Pennsylvania.

10. Shellpoint is not a citizen of Pennsylvania. Shellpoint is a Delaware limited liability company and is a wholly-owned subsidiary of NewRez Holdings LLC fka Shellpoint Partners LLC, a Delaware limited liability company. NewRez Holdings LLC fka Shellpoint Partners LLC is a wholly-owned subsidiary of NRM Acquisition LLC and NRM Acquisition II LLC, Delaware limited liability companies. Both NRM Acquisition entities are wholly-owned subsidiaries of New

Residential Mortgage LLC, a Delaware limited liability company. New Residential Mortgage LLC is a wholly-owned subsidiary of Rithm Capital Corp., a Delaware corporation with its principal place of business in New York. Shellpoint is therefore a citizen of Delaware and New York for purposes of diversity jurisdiction, and in any event, is not a citizen of Pennsylvania.

11. Defendant U.S. Bank National Association, not in its individual capacity but solely as Trustee for First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-FFC ("U.S. Bank"), is not a citizen of Pennsylvania. U.S. Bank is a wholly owned subsidiary of U.S. Bancorp, a publicly held corporation. U.S. Bank is a nationally chartered association with its corporate headquarters in Cincinnati, Ohio.

12. Because Plaintiff is not a citizen of the same state as any Defendant, the parties are completely diverse. *See* 28 U.S.C. § 1332(a); and *Wis. Dep't of Corrections v. Schacht*, 524 U.S. 381, 388 (1998).

## Amount In Controversy

13. The Complaint in the State Court Action alleges various causes of action relating to a mortgage loan.

14. Plaintiff asserts multiple causes of action in her Complaint, including (Count I) alleged violations of the Fair Debt Collection Practices Act ("FDCPA"); (Count II) alleged violations of the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"); (Count III) alleged violations of the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"); (Count IV) alleged violations of Act 6 of 1974, 41 P.S. §§ 401 *et seq.*; and (Count V) alleged violations of the notice of error provisions of the Real Estate Settlement Procedures Act ("RESPA"). *See*, **Exhibit 1**.

15. Further, with respect to damages, Plaintiff is contesting over $67,000 in charges on the subject mortgage loan (Compl., ¶ 77), and is also seeking emotional distress damages, statutory damages, attorneys' fees and costs (*Id*., ¶¶ 104, 105, 113), and treble damages (*Id.*, ¶ 114).

16. Although Shellpoint denies liability to Plaintiff for any of the damages sought in his Complaint, based on the foregoing, the amount placed in controversy by Plaintiff's Complaint exceeds $75,000.00, exclusive of interest and costs.

17. Consequently, removal of this action to this Court based on diversity jurisdiction is both timely and proper under 28 U.S.C. §§ 1332(a) and 1441(a).

## **FEDERAL QUESTION JURISDICTION**

18. Further, the Complaint purports to state federal claims for alleged violations of (Count I) the FDCPA; and (Count V) RESPA. *See* **Exhibit 1**.

19. The Complaint also alleges state law claims for alleged violations of (Count II) the UTPCPL; (Count III) the FCEUA; and (Count IV) Act VI. *Id.*

20. The United States District Court for the Eastern District of Pennsylvania has original jurisdiction over this action under 28 U.S.C. § 1331. The Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff's Complaint alleges violations of federal law. *See, e.g.*, 12 U.S.C. § 2605(k); 12 U.S.C. § 5531.

21. Under 28 U.S.C. § 1367, the Court has supplemental jurisdiction over the state law claims alleged in Plaintiff's Complaint because such claims arise out of the same set of facts, and are part of the same case and controversy, as the claims over which the Court has original jurisdiction.

## CONSENT TO REMOVAL

22. Defendants Shellpoint and U.S. Bank have consented to removal.

## VENUE AND PROCEDURAL REQUIREMENTS

23. The United States District Court for the Eastern District of Pennsylvania is the District Court for the district encompassing Philadelphia County, Pennsylvania, where the State Court Action is pending. *See* 28 U.S.C. § 115(a)(1). It follows then that venue is proper in this district under 28 U.S.C. § 1446(a).

24. In accordance with 28 U.S.C. § 1446(d), Shellpoint will promptly serve a copy of this Notice of Removal on Plaintiff and will file a copy of the Notice of Removal with the Prothonotary for the Court of Common Pleas of Philadelphia County, in the Commonwealth of Pennsylvania.

25. Shellpoint expressly reserves the right to state additional grounds for removal and to provide such additional evidence as may be required to support the grounds asserted in this Notice of Removal.

26. By this Notice of Removal and the associated exhibits, Shellpoint does not waive any defenses or objections it may have to this action. Shellpoint reserves the right to raise all defenses and objections to Plaintiff's claims after the State Court Action is removed to this Court.

## CONCLUSION

WHEREFORE, this action is properly removed from the Court of Common Pleas of Philadelphia County, in the Commonwealth of Pennsylvania to the United States District Court for the Eastern District of Pennsylvania, pursuant to applicable sections of the United States Code. Please take notice that no further proceedings may be had in the Court of Common Pleas of Philadelphia County, in the Commonwealth of Pennsylvania.

21915878.1

| | |
|---|---|
| Dated: January 15, 2026 | /s/ Jeffrey M. Stacko<br>Jeffrey M. Stacko, Esq.<br>Pa. I.D. No. 314941<br>DINSMORE & SHOHL LLP<br>1300 Six PPG Place<br>Pittsburgh, PA 15222<br>412.281.5000 (t)<br>412.281.5055 (f)<br>jeffrey.stacko@dinsmore.com<br><br>*Counsel for Newrez LLC d/b/a Shellpoint Mortgage Servicing and U.S. Bank National Association, Not In Its Individual Capacity But Solely As Trustee For First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-FFC* |

21915878.1

## **PROOF OF SERVICE**

The undersigned certifies that on January 15, 2026 a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause via the CM/ECF electronic filing system and via electronic mail to the following:

Rachel Labush, Esq.
rlabush@clsphila.org
Community Legal Services
100 N. 18th Street, Suite 3400
Philadelphia, Pennsylvania 19103

I declare under the penalty of perjury that the statement above is true to the best of my information, knowledge, and belief.

/s/ Jeffrey M. Stacko
Jeffrey M. Stacko

21915878.1